UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALLEN PYRON, ROBERT A. KUNSHIER, and ALVIN LAMM,<br><br>Plaintiffs,<br><br>v.<br><br>CAL LUDEMAN, Commissioner of Department of Human Services; DENNIS BENSON, Chief Executive Officer of Minnesota Sex Offender Program-MSOP; DANIEL STORKAMP, MSOP Deputy Director; GREGG CARLSON, MSOP Director; KEVIN MOSER, MSOP-Assistant Director; RAYMOND RUOTSALAINEN, Information Technology Spec 1; STEVEN LINDEEN, Information Technology Spec 1; and MEHRADA SHABESTARI, MSOP-IT Supervisor,<br><br>Defendants. | Case No. 10-CV-3759 (PJS/JJG)<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |
| SHANNON D. HOLLIE,<br><br>Plaintiff,<br><br>v.<br><br>CAL LUDEMAN, Commissioner of Department of Human Services; DENNIS BENSON, Chief Executive Officer of Minnesota Sex Offender Program-MSOP; DANIEL STORKAMP, MSOP Deputy Director; GREGG CARLSON, MSOP Director; KEVIN MOSER, MSOP-Assistant Director; RAYMOND RUOTSALAINEN, Information Technology Spec 1; STEVEN LINDEEN, Information Technology Spec 1; and MEHRADA SHABESTARI, MSOP-IT Supervisor,<br><br>Defendants. | Case No. 10-CV-4236 (PJS/JJG)<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Allen Pyron, Robert A. Kunshier, Alvin Lamm, and Shannon D. Hollie, plaintiffs pro se.

Ricardo Figueroa, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants.

Plaintiffs, civilly committed detainees in the Minnesota Sex Offender Program ("MSOP"), bring these 42 U.S.C. § 1983 actions against various MSOP officials in their individual and official capacities.[1] Plaintiffs challenge rules prohibiting them from possessing certain items, limiting them to a certain amount of personal property, requiring them to store any computer files on a network that is subject to monitoring by state personnel, and prohibiting them from storing more than 300 megabytes of data on the network. Plaintiffs allege that these restrictions violate their rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.

This matter is before the Court on plaintiffs' objections to the June 6, 2011 Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham [Docket No. 17 in 10-3759, Docket No. 15 in 10-4236]. Judge Graham recommends granting defendants' motions to dismiss plaintiffs' complaints. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules plaintiffs' objections and adopts the R&R.

Only two matters merit comment:

*First*, Judge Graham recommends dismissing plaintiffs' procedural-due-process claim because, among other reasons, plaintiffs have adequate state post-deprivation remedies, including the Minnesota Tort Claims Act, Minn. Stat. § 3.736. In their objections, plaintiffs point out that the Minnesota Tort Claims Act does not permit recovery for "loss, damage, or destruction of property of a patient or inmate of a state institution . . . ." Minn. Stat. § 3.736,

---

[1] The complaints in each action are identical.

subd. 3(m). Whether or not plaintiffs have remedies under the Minnesota Tort Claims Act, however, plaintiffs' procedural-due-process claim fails for the other reasons identified by Judge Graham.

In addition to the reasons identified by Judge Graham, the Court notes that plaintiffs allege that they were given advance notice of the new policy that removable computer-storage media would be prohibited and were also given an opportunity to transfer their files onto the network and designate an outside recipient to receive the removable media. Compl. at 7. Setting aside the question whether the policy is substantively valid — which, for reasons discussed by Judge Graham, it is — no further pre-deprivation process was necessary. Given that plaintiffs were provided notice and an opportunity to entrust their now-prohibited property to others, the only way that plaintiffs could have been injured by the lack of further process would be if defendants, acting pursuant to the policy, had erroneously confiscated something other than removable media. Such an improbable mistake would likely not be a deprivation of property in the constitutional sense. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (mere negligence by a state official cannot deprive an individual of life, liberty, or property under the Fourteenth Amendment). And in any event, plaintiffs had an adequate post-deprivation remedy in the grievance process provided by Minn. Stat. § 246B.03, subd. 3. Under these circumstances, no further process was necessary. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (determining how much process is due is determined by balancing the private interest affected, the likelihood that the challenged action would result in an erroneous deprivation of that interest, and the burden of providing additional procedures).

*Second*, plaintiffs ask for leave to amend their complaint.  But plaintiffs do not identify any facts that they would allege and that would cure the deficiencies in their § 1983 claims.  Plaintiffs also allude to state statutes and constitutional provisions, which suggests that they would like to bring state-law claims.  But even if any state-law claims could survive other hurdles, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 117 (1984) ("a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when . . . the relief sought and ordered has an impact directly on the State itself"), plaintiffs do not provide any reason to suppose that the Court would have original jurisdiction over such claims.  It would be pointless to permit plaintiffs to amend their complaint to assert claims over which the Court would have only supplemental jurisdiction when the claims over which the Court has original jurisdiction have already been dismissed.  The Court therefore overrules plaintiffs' objections and grants defendants' motions to dismiss.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiffs' objections [Docket No. 18 in 10-3759, Docket No. 16 in 10-4236] and ADOPTS the R&R [Docket No. 17 in 10-3759, Docket No. 15 in 10-4236].  IT IS HEREBY ORDERED THAT:

1. Defendants' motions to dismiss [Docket No. 9 in 10-3759, Docket No. 7 in 10-4236] are GRANTED.

2. Plaintiffs' complaints in Case Nos. 10-3759 and 10-4236 are DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 29, 2011

 s/Patrick J. Schiltz
 Patrick J. Schiltz
 United States District Judge